DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CASE NO. 1:06 CR 395 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| Donna J. Moonda, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### I.  Introduction

The defendant has moved the Court to appoint two "death qualified attorneys" to assist appointed counsel, Attorney Roger  Synenberg, in the representation of the defendant Donna J. Moonda.  See Doc. #19.  The defendant is charged in a four count indictment.  Each of the counts in the indictment allege that the defendant is responsible for the shooting death of her husband, Dr. Gulam Moonda.  The shooting death of Dr. Moonda is alleged to have taken place on May 13, 2005 on the Ohio Turnpike in Cuyahoga County.  The defendant was first charged in this case by a complaint filed on June 24, 2006.  Initially, a defendant by the name of Damian Bradford was indicted for the homicide of Dr. Moonda on March 29, 2006.   The defendant Donna J. Moonda was not named or arrested for the homicide until after the defendant Damian Bradford pled guilty to the shooting death of Dr. Moonda on July 24, 2006.

 The government has opposed the appointment of the third lawyer as an unjustified expense to the government.  See Doc. #24.  The government contends that the cases cited by the

(1:06 CR 395)

defendant in support of the motion for the appointment of a third lawyer are distinguishable.

Continuing, the government's brief states:

> "While some legally and factually complex cases with other extraordinary circumstances may justify the appointment of a third attorney, this is simply not one of these cases."

The Court presided over the case of United States v. Bradford, Case No.1:06CR150 and in the process took the guilty plea of Damian Bradford during which he admitted shooting Dr. Moonda and in the process implicated the defendant Donna J. Moonda.  Donna Moonda was charged with the homicide of Dr. Moonda by a complaint filed on the same day that Damian Bradford entered a plea of guilty.   As the Court knew that the eventual indictment of Donna Moonda would come to this Court's docket because of the Local Rules of the court, it presided over the initial appearance of the defendant, based on a complaint which was filed as soon as Damian Bradford admitted his guilt and implicated the defendant Donna Moonda.  After presiding over the initial appearance of the defendant Donna Moonda, the Court bound over to the grand jury the complaint against Donna Moonda and also handled the detention hearing. Following the hearing, the Court published a lengthy opinion supporting the bindover and the detention of the defendant.  As a direct consequence, the Court has more information about the factual predicate for the government's case than in the normal case.

The Administrative Office for the Federal Judiciary publishes and maintains a current Guide to Judiciary Policies and Procedures with respect to the appointment of counsel in federal death penalty cases.  See Volume VII, Chapter VI.  The policy calls for the appointment of two counsel, at the outset of every capital case, at least one of whom is experienced in and

2

(1:06 CR 395)

knowledgeable about the defense of death penalty cases.  The procedures also provide that the

Court should not appoint more than two lawyers <u>unless exceptional circumstances and good</u>

<u>cause are shown</u>.

It is the position of the government that no exceptional circumstances are apparent in this

case.  Counsel for the defendant disagrees.

## II.  The Ruling

The question of whether this is a factually complex case is in the eye of the beholder.

The question of whether this case presents exceptional circumstances is a matter for judgment by

the Court.  Initially, the Court observes, based on considerable experience, that most homicide

cases do not encounter delays of 14 months following the homicide and prior to the filing of

charges as is the case herein.  Second, this case has attracted wide-spread publicity that may

raise the question of a change in venue.  Third, a case in which the target for capital punishment

is a woman and demonstrably not the actual killer is, in this Court's experience, a rare event.

Fourth, the factual overlay in this case indicates that the defendant was in drug rehabilitation

when she met the defendant-actual killer and consequently, there is  the potential issue that the

defendant was drug dependent back at the time of the killing in May of 2005, and a fact of

possible consequence, if the Court reaches a sentencing hearing following a guilt determination.

Capital habeas review in federal court for state capital cases constantly presents a claim

that the defendant was denied the effective assistance of counsel at the mitigation/sentencing

(1:06 CR 395)

phase of the process that led to a capital sentence.  See e.g. Glenn v.Tate, 71 F.3d 1204 (6th Cir. 1995).[1]

The Sixth Amendment to the United States Constitution entitles a defendant to the effective assistant of counsel.  The duty in a capital case to provide the effective assistance of counsel is two-fold.  First, counsel has the constitutional obligation to provide effective assistance of counsel to a defendant during the guilt phase of the trial.  In the early 1980's, the United States Supreme Court determined that a defendant in a capital case was entitled to a two-stage proceeding.  Specifically, the Supreme Court determined that a defendant should be given the opportunity to present evidence or argument on the issue of the sentence after the guilt phase had been concluded.  Thus, in every capital case there is the possibility of the two-stage proceeding.  However, the jury that decides the guilt phase of the case is required to render judgment on the issue of sentence in the sentencing or mitigation phase of the proceeding.  Consequently, there can be only a short delay between the guilt phase and the sentencing phase because of the requirement to use the same jury panel.  Against that background, defense counsel in the capital case has the obvious and well established constitutional obligation to prepare for

---

[1]The Glenn v. Tate case involved the shooting death of an off-duty Youngstown fireman who was acting as a volunteer deputy sheriff.  The defendant, Glenn, killed the off-duty fireman who was transporting Glenn's older brother to the hospital from the Mahoning County Jail.  Glenn purposely collided with the vehicle transporting his brother.  When the fireman approached the vehicle in which the defendant Glenn was seated, Glenn then fired a saw-off shotgun which he was cradling in his lap and which cause the instant death of the fireman who was survived by a wife and three children.  After several weeks of attempting to seat the jury in Mahoning County, the trial judge gave up and the case was transferred to an adjoining county which ended in a capital sentence.  This Court denied the writ and the Sixth Circuit reversed in a two-to-one decision finding that Glenn counsel had denied him the effective assistance of counsel at the sentencing phase.

4

(1:06 CR 395)

the possible sentencing phase even though the defendant is contesting the issue of guilt.  The

prosecution, having control over the time of the indictment and the determination that the case

should proceed as a capital case, has had the luxury of time to prepare for both possible phases

of the proceeding in this case.

Finally, the issue of whether the Court should appoint three, as opposed to two, lawyers

for the defense of a capital case is left to the discretion of the trial judge.  In the careful exercise

of that discretion and taking into consideration the above commentary, the defendant's motion

for appointment of two additionally qualified "death qualified counsel" is GRANTED.

IT IS SO ORDERED.


  October 17, 2006                              /s/ David D. Dowd, Jr.
Date                                          David D. Dowd, Jr.
                                              U.S. District Judge

5