DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CASE NO. 1:06 CR 395 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| Donna J. Moonda, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

I.  The Defendant's Motion for a Bill of Particulars (Docket 65)

The defendant is charged in a four count indictment with aiding and abetting in the shooting death of her husband, Dr. Gulam Moonda, on May 13, 2005, in the Northern District of Ohio.  The defendant has filed a motion for a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure.

The motion contains the following 26 branches:

1.  A detailed statement of the specific acts, conduct, method, manner or means by which the Government maintains that Mrs. Moonda "willfully induce[d] and procure[d] Damian Bradford to travel in interstate commerce from Pennsylvania to Ohio with the intent to kill, injure, harass and intimidate Dr.  Gulam Moonda" as alleged in Count 1 of the Indictment;

2.  The date, times and locations that Mrs. Moonda "willfully induce[d] and procure[d] Damian Bradford to travel in interstate commerce from Pennsylvania to Ohio with the intent to kill, injure, harass and intimidate Dr. Gulam Moonda" as alleged in Count 1 of the Indictment;

(1:06 CR 395)

3. The date, times and locations that Mrs. Moonda "did knowingly use and carry a firearm" as alleged in Counts 2 and 4 of the Indictment;

4. The make and model of the firearm "brandish[ed] and discharge[d]" by Mrs. Moonda as alleged in Counts 2 and 4 of the Indictment;

5. The dates, times, and locations Mrs. Moonda "brandish[ed] and discharge[d]" the firearm as alleged in Counts 2 and 4 of the Indictment;

6. A detailed statement of the specific acts, conduct, method, manner or means by which the Government maintains that Mrs. Moonda "did unlawfully kill Dr. Gulam Moonda willfully, deliberately, maliciously, and with premeditation" as alleged in Counts 2 and 4 of the Indictment;

7. A detailed statement of the specific acts, conduct, method, manner or means by which the government maintains that Mrs. Moonda "did travel and cause another to travel (including the intended victim, Dr. Gulam Moonda) in interstate commerce from Pennsylvania to Ohio" as alleged in Count 3 of the Indictment;

8. The names and address of all persons presently known to the Government, who the Government maintains Mrs. Moonda caused to travel in interstate commerce from Pennsylvania to Ohio on or about May 13, 2005;

9. A detailed statement of the specific acts, conduct, methods, manner or means by which the Government maintains that Mrs. Moonda intended that the murder of Dr. Gulam Moonda be committed "as consideration for the receipt of, and as consideration for a promise and agreement to pay, anything of pecuniary value" as alleged in Count 3 and the "Special Findings" in the Indictment;

10. A detailed statement of the item or items of "pecuniary value" that the Government contends Mrs. Moonda promised to pay, agreed to pay and/or did pay in consideration for the commission of the murder of Dr. Gulam

(1:06 CR 395)

Moonda as alleged in Count 3 and the "Special Findings" in the Indictment;

11. The names and addresses of all persons who the Government maintains Mrs. Moonda promised to pay, agreed to pay and/or did pay for the commission of the murder of Dr. Gulam Moonda as alleged in Count 3 and the "Special Findings" in the Indictment;

12. The date, times and locations that the Government maintains that Mrs. Moonda promised to pay, agreed to pay and/or did pay "anything of pecuniary value" in consideration for the commission of the murder of Dr. Gulam Moonda as alleged in Count 3 and the "Special Findings" in the Indictment.

13. The names of all co-conspirators and/or accomplices presently known to the Government, and their addresses at the time of their alleged participation in the alleged crime set forth in Count 3 of the Indictment herein as alleged in Count 3 of the Indictment;

14. A detailed statement of any act done or caused to be done by Mrs. Moonda during the period alleged in Count 3, which the Government contends was done in furtherance of the conspiracy alleged in Count 3 of the Indictment;

15. State when each alleged co-conspirator is said to have joined the conspiracy.

16. Set forth each overt act by date, time, place, persons present, and the substance of any conversations allegedly part of said overt acts the Government intends to offer as evidence at trial.

17. A detailed statement describing the conduct, method, manner or means by which the Government maintains that Mrs. Moonda "intentionally participated in one or more acts contemplating that the life of Dr. Moonda would be taken or intending that lethal force would be used" as alleged in the "Special Findings" in the Indictment;

18. A tabulation of the number of acts that the Government maintains Mrs. Moonda "intentionally participating in...contemplating that the life of Dr. Moonda would be taken or intending that lethal force would be used" as alleged in the "Special Findings" in the Indictment;

3

(1:06 CR 395)

19.     The date, times and locations that the Government maintains that Mrs. Moonda participated in the "acts contemplating that the life of Dr. Moonda would be taken or intending that lethal force would be used" as alleged in the "Special findings" in the Indictment;

20.     A detailed statement describing the conduct, method, manner or means by which the Government maintains that Mrs. Moonda "intentionally and specifically engaged in one or more acts of violence knowing that the act or acts created a grave risk of death" as alleged in the "Special Findings" in the Indictment;

21.     A tabulation of the number of acts that the Government maintains Mrs. Moonda "intentionally and specifically engaged in...knowing that the act or acts created a grave risk of death" as alleged in the "Special Findings" in the Indictment;

22.     The date, times and locations that the government maintains that Mrs. Moonda "intentionally and specifically engaged in...acts of violence knowing that the act or acts created a grave risk of death" as alleged in the "Special Findings" in the Indictment;

23.     A detailed statement of the item or items or "pecuniary value" that the Government contends Mrs. Moonda expected to receive and/or did receive from the commission of the offenses alleged in Counts 2, 3, and 4 as alleged in the "Special findings" in the Indictment;

24.     The date, times and locations that the Government maintains that Mrs. Moonda expected to receive and/or did receive items of "pecuniary value" from the commission of the offenses alleged in Counts 2, 3, and 4 as alleged in the "Special Findings" in the Indictment;

25.     A detailed statement of the specific acts, conduct, method, manner or means by which the Government maintains that Mrs. Moonda substantially planned and premeditated the death of Dr. Gulam Moonda as alleged in the "Special Findings" in the Indictment.

26.     The date, times and locations that the Government maintains that Mrs. Moonda substantially planned and premeditated the death of Dr. Gulam Moonda as alleged in the "Special Findings" in the Indictment.

II.  The Government's Response (Docket 76)

4

(1:06 CR 395)

The government's response contends  that the indictment provides sufficient information to apprise the defendant of the charges against her.  As indicated in the government's brief, the purpose of a bill of particulars is to assist the defendant in obtaining the information necessary to prepare her defense, minimize and avoid surprise, and preclude later prosecution on double jeopardy grounds.  See *United States v. Crayton,* 357 F.3d 560, 568 (6th Cir. 2004) quoting *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993).

### III.  The Defendant's Reply (Docket No. 94)

The defendant's reply argues that the bill of particulars is a tool to avoid surprise at the time of trial, to assist the defendant in obtaining information needed to prepare a defense and preclude prosecution for the same crime when an indictment is too vague or is definite for such purposes.  Continuing, the defendant asserts that the items requested are needed in this case to minimize surprise at trial and to assist the defendant in obtaining information in preparing a defense.

### IV.  The Applicable Law and Proceedings in this Case

A Bill of Particulars is not a device to circumvent the restrictions or the law as to the scope of pre-trial discovery.  *United States v. Largent*, 545 F.2d 1039, 1043 (6th Cir. 1975).  In the final analysis, the decision of the trial court as to the granting or denial of a Bill of Particulars is within the trial court's discretion.

Against that background, the Court makes several observations.  First, the defendant had the opportunity to explore the nature of the government's case in a proceeding conducted by this branch of the Court in determining whether there was sufficient evidence to bind  the arrested defendant to the grand jury.

5

(1:06 CR 395)

Specifically, a warrant was issued for the arrest of the defendant immediately after Damian Bradford entered a plea of guilty to the shooting death of Dr. Moonda and agreed, as a part of the written guilty plea agreement, to cooperate with the government in the prosecution of the defendant.  The defendant was arrested and brought before this branch of the Court for the initial appearance and a detention hearing.  An officer of the Ohio Highway Patrol testified at length as to the fruits of the investigation concerning the shooting death of Dr. Moonda along the Ohio Turnpike in the vicinity of Milepost 164 in Cuyahoga County.  His testimony included the fact that the defendant was present at the time of the shooting death of her husband; that Donna Moonda provided a description of the killer that is inconsistent with the height of Damian Bradford; and that Donna Moonda and Damian Bradford knew each other and were apparently in communication by cell phones on the day of the killing.

Secondly, this case, following the indictment, became a capital case when the Attorney General of the United States so determined and a notice was filed on September 6, 2006 under the provisions of 18 U.S.C. § 3593(a) .

In anticipation of the decision to pursue the death penalty, the indictment contains "Notice of Special Findings" which follow:

> The grand jury repeats and realleges the accusations of Counts 1, 2, 3 and 4 of the indictment.
>
> As to Counts 2, 3 and 4, the defendant DONNA J. MOONDA, aka Donna Smouse,
>
> a.  was 18 years of age or older at the time of the offenses described in Counts 2, 3, and 4.

6

(1:06 CR 395)

      b.  intentionally participated in one or more acts, contemplating that the life of Dr. Gulam Moonda would be taken or intending that lethal force would be used in connection with a person, other than a participant in the offenses described in Counts 2, 3, and 4, and Dr. Gulam Moonda died as a direct result of such act or acts.  (18 U.S.C. § 3591(a)(2)(C)).

      c.  intentionally and specifically engaged in one or more acts of violence knowing that the act or acts created a grave risk of death to a person, other than one of the participants in the offenses described in Counts 2, 3 and 4, such that participating in the act or acts constituted a reckless disregard for human life and Dr. Gulam Moonda died as a direct result of the act or acts.  (18 U.S.C. § 3591(a)(2)(D)).

      d.  procured the commission of the offenses described in Counts 2, 3 and 4 by payment and promise of payment of anything of pecuniary value.  (18 U.S.C. § 3592(c)(7)).

      e.  committed the offenses described in Counts 2, 3 and 4 in expectation of the receipt of anything of pecuniary value.  (18 U.S.C. § 3592(c)(8)).

      f.  committed the offenses described in Counts 2, 3 and 4 after substantial planning and premeditation to cause the death of Dr. Gulam Moonda (18 U.S.C. § 3592(c)(9)).  (Pursuant to Title 18, United States Code, Sections 3591 and 3592).

### V.  The Court's Ruling

The defendant's motion for a Bill of Particulars is denied as to Branches 1, 2, 3, 4, 5, 6, 7, 8, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26.

The Court finds that the avoidance of "surprise" at trial does not mean that the defendant is entitled to a bill of particulars as to evidence that is not "discoverable", as a bill of particulars is not a substitute to circumvent the restrictions on pre-trial discovery.

(1:06 CR 395)

However, this case is also proceeding as a capital case, and in that context, the Court is of the view that the motion for a bill of particulars should be granted on issues that relate to the statutory aggravating factors in the context of 18 U.S.C. § 3592.  The phrase "anything of pecuniary value" appears in count 3 and paragraphs d and e in the Notice of Special Findings. The government is directed to file a bill of particulars and describe "anything of pecuniary value", as that phrase is used in count 3 and in paragraphs d and e in the Notice of Special Findings, and to file the bill of particulars by April 16, 2007.

To that limited extent, the motion for a bill of particulars as to branches 9, 10, 12 and 23 is GRANTED and in all other respects, the motion for a bill of particulars as to branches 9, 10, 12 and 23 is DENIED.


IT IS SO ORDERED.


  April 5, 2007                                             /s/ David D. Dowd, Jr.
Date                                                      David D. Dowd, Jr.
                                                         U.S. District Judge

8