DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

United States of America,            )
                                     )      CASE NO. 1:06 CR 395
             Plaintiff(s),           )
                                     )
      v.                             )      O R D E R
                                     )
Donna J. Moonda,                     )
                                     )
             Defendant(s).           )
                                     )

### I.  Introduction

The defendant has mounted a facial challenge to the constitutionality of the Federal Death Penalty Act (FDPA) of 1994, and upon which the government relies in advocating the death penalty for the defendant in the event she is convicted of either Counts 2 or 3 or 4 in the indictment.  *See* Docket # 57.  The defendant's motion also seeks to strike the special findings section of the indictment.  The defendant has filed a comprehensive brief in support of the motion.  *See* Docket #56.  The government has in turn, filed a comprehensive brief opposing the challenge and the motion to strike.  (Docket # 74).

### II.  The Federal Death Penalty Act of 1994

The FDPA recognizes the requirement of a two-step stage in the prosecution of a capital case.  First the trial phase, and if jury convicts the defendant of capital murder, then the requirement of a separate sentencing phase during which time the government must prove at least one statutory aggravating factor.  Specifically, the FDPA recognizes 16 separate types of statutory aggravating factors.  By the same token, the convicted defendant has the opportunity to

(1:06 CR 395)

present mitigation evidence.  Before the jury can return a death sentence, it must find the existence of at least one statutory aggravating factor.

The FDPA does not command that the indicting jury must allege one or more statutory aggravating factors.  Rather, after the indictment charging one or more capital offenses has been returned by the grand jury, then the FDPA at 18 U.S.C. § 3593 provides for notice by the attorney for the government that the government will seek the death penalty.

18 U.S.C. § 3593 provides in relevant part as follows:

> **(a) Notice by the government.** – If, in a case involving an offense described in section 3591, the attorney for the government believes that the circumstances of the offense are such that a sentence of death is justified under this chapter, the attorney shall, a reasonable time before the trial or before acceptance by the court of a plea of guilty, sign and file with the court, and serve on the defendant, a notice –
>
> > **(1)** stating that the government believes that the circumstances of the offense are such that, if the defendant is convicted, a sentence of death is justified under this chapter and that the government will seek the sentence of death; and
> >
> > **(2)** setting forth the aggravating factor or factors that the government, if the defendant is convicted, proposed to prove as justifying a sentence of death.
>
> The factors for which notice is provided under this subsection may include factors concerning the effect of the offense on the victim and the victim's family, and may include oral testimony, a victim impact statement that identifies the victim of the offense and the extent and scope of the injury and loss suffered by the victim and the victim's family, and any other relevant information.  The court may permit the attorney for the government to amend the notice upon showing of good cause.

2

(1:06 CR 395)

**(b) Hearing before a court or jury.** – If the attorney for the government has filed a notice as required under subsection (a) and the defendant is found guilty of or pleads guilty to an offense described in Section 3591, the judge who presided at the trial or before whom the guilty plea was entered, or another judge if that judge is unavailable, shall conduct a separate sentencing hearing to determine the punishment to be imposed.  The hearing shall be conducted –

> **(1)** before the jury that determined the defendant's guilt;
>
> **(2)** before a jury impaneled for the purpose of the hearing if –
>
>> **(A)** the defendant was convicted upon a plea of guilty;
>>
>> **(B)** the defendant was convicted after a trial before the court sitting without a jury;
>>
>> **(C)** the jury that determined the defendant's guilt was discharged for good cause; or
>>
>> **(D)** after initial imposition of a sentence under this section, reconsideration of the sentence under this section is necessary; or
>
> **(3)** before the court alone, upon the motion of the defendant and with the approval of the attorney for the government.

A jury impaneled pursuant to paragraph (2) shall consist of 12 members, unless, at any time before the conclusion of the hearing, the parties stipulated, with the approval of the court, that it shall consist of a lesser number...

3

(1:06 CR 395)

**(d) return of special findings.**  – The jury, or if there is no jury, the court, shall consider all the information received during the hearing.  It shall return special findings identifying any aggravating factor or factors set forth in section 3592 found to exist and any other aggravating factor for which notice has been provided under subsection (a) found to exist.  A finding with respect to a mitigating factor may be made by 1 or more members of the jury, and any member of the jury who finds the existence of a mitigating factor may consider such factor established for purposes of this section regardless of the number of jurors who concur that the factor has been established.  A finding with respect to any aggravating factor must be unanimous.  If no aggravating factor set forth in section 3592 is found to exist, the court shall impose a sentence other than death authorized by law.

**(e) Return of a finding concerning a sentence of death.**  – If, in the case of –

> (1) an offense described in section 3591(a)(1), an aggravating factor required to be considered under section 3592(b) is found to exist;
>
> (2) an offense described in section 3591(a)(2), an aggravating factor required to be considered under section 3592(c) is found to exist; or
>
> (3) an offense described in section 3591(b), an aggravating factor required to be considered under section 3592(d) is found to exist,

the jury, or if there is no jury, the court, shall consider whether all the aggravating factor or factors found to exist sufficiently outweigh all the mitigating factor or factors found to exist to justify a sentence of death, or, in the absence of a mitigating factor, whether the aggravating factor or factors alone are sufficient to justify a sentence of death.  Based upon this consideration, the jury by unanimous vote, or if there is no jury, the court, shall recommend whether the defendant should be sentenced to death, to life imprisonment without possibility of release or some other lesser sentence.

4

(1:06 CR 395)

> **(f) Special precaution to ensure against discrimination.** – In a
> hearing held before a jury, the court, prior to the return of a finding
> under subsection (e), shall instruct the jury that, in considering
> whether a sentence of death is justified, it shall not consider the
> race, color, religious beliefs, national origin, or sex of the
> defendant or of any victim and that the jury is not to recommend a
> sentence of death unless it has concluded that it would recommend
> a sentence of death for the crime in question no matter what the
> race, color, religious beliefs, national origin, or sex of the
> defendant or any victim may be.  The jury, upon return of a finding
> under subsection (e), shall also return to the court a certificate,
> signed by each juror, that consideration of the race, color, religious
> beliefs, national origin, or sex of the defendant or any victim was
> not involved in reaching his or her individual decision and that the
> individual juror would have made the same recommendation
> regarding a sentence for the crime in question no matter what the
> race, color, religious beliefs, national origin, or sex of the
> defendant or any victim may be.

The FDPA does not indicate any role for the grand jury in determining  whether the death

penalty should be pursued by the government.  Rather, the decision as to whether to pursue the

death penalty and the procedure to be followed in that event was governed by 18 U.S.C. § 3593.

The FDPA was enacted after *Walton v. Arizona,* 497 U.S. 639 (1990) and before *Ring v.*

*Arizona,* 536 U.S. 584 (2002).[1]

---

[1]In *Walton*, the Supreme Court upheld the constitutionality of Arizona's sentencing
scheme, under which the judge, acting without a jury, determined the existence or nonexistence
of aggravating or mitigating circumstances for purposes of deciding whether a defendent should
be sentenced to death.  The *Walton* Court reached that conclusion by characterizing the
additional facts found by the judge, not as elements of the offense of capital murder, but as
sentencing considerations.  *Ring* overruled *Walton*, determining that its holding was
irreconcilable with *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  *Apprendi*, decided ten years
after *Walton*, held that the Sixth Amendment does not permit a defendant to be "expose[d] . . . to
a penalty *exceeding* the maximum he would receive if punished according to the facts reflected
in the jury verdict alone."  *Id*. at 483.  This is so, according to *Apprendi*, even where the State
characterizes additional findings made by the judge as "sentencing factor[s]."  *Id*. at 492.  In

(continued...)

5

(1:06 CR 395)

### III.   The Special Findings Section in the Indictment in this Case

Based on the allegations in the indictment and in the Notice of Special Findings, a death sentence may be imposed by the jury if the jury finds that the defendant committed one or more of the sixteen named statutory aggravating factors set forth in 18 U.S.C. § 3592(c).  The Notice of Special Findings alleges three such aggravating factors under the provisions of 18 U.S.C. § 3592(c)(7)(8) and (9)[2].

### IV. Post-*Ring* Circuit Decisions as to Whether
### Specific Allegations of Statutory Aggravating Factors
### Must be set Forth in the Indictment and the Court's Ruling

The Court begins the analysis with the observation that no circuit court has declared the FDPA unconstitutional as the defendant contends.

*United States v. Robinson,* 367 F.3rd 278 (5th Cir. 2004) held that the failure of the indictment to list the aggravating factors constituted mere harmless error and the lack of

---

[1](...continued)

light of *Apprendi*, the *Ring* Court concluded that "[c]apital defendants, no less than noncapital defendants, . . . are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment."  *Ring*, 536 U.S. at 589.

[2]18 U.S.C. Section 3592(c)(7)(8) and (9) provide:

> **(7) Procurement of offense by payment**.  The defendant procured the commission of the offense by payment, or promise of payment, or anything of pecuniary value.

> **(8) Pecuniary gain**.  The defendant committed the offense as consideration for the receipt, or in the expectation of the receipt, of anything of pecuniary value.

> **(9) Substantial planning and premeditation.**  The defendant committed the offense after substantial planning and premeditation to cause the death of a person or commit an act of terrorism.

6

(1:06 CR 395)

language in the FDPA requiring the charge of aggravating factors did not render the FDPA

unconstitutional under the Indictment clause.

Following a lengthy history, the Eighth Circuit concluded in *United States v. Allen,* 406

F.3rd 940 (2005) that the failure to include at least one statutory aggravating factor and mens rea

requirement for the imposition of the death sentence violated the defendant's Fifth Amendment

rights, but that such error was harmless.

*United States v. Higgs,* 353 F.3d 281 (4th Cir. 2003) held that prior conviction statutory

aggravating factors were not required to be alleged in the indictment, and thus, a jury finding of

such a statutory aggravating factor supported the death sentence which was affirmed.

The defendant's motion to declare the FDPA unconstitutional and to strike the "special

findings" in the indictment alleging free statutory aggravating factors is DENIED.

V.  Additional Claims submitted by the defendant in a challenge to the FDPA

Counsel for the defendant have offered a series of objections to the capital punishment

aspect applicable to this case.  In sum, counsel for the defendant have preserved a number of

arguments for appellate review as to the constitutionality of the FDPA in the event a death

sentence is the outcome of this case.  As the Court is of the view that the FDPA passes

constitutional muster, it will not write on every claim presented by the defendant.

Moreover, the Court expresses the view that the declaration of the Special Findings in the

indictment, although not specifically recognized in the FDPA which was adopted by the

Congress in a pre-*Ring v. Arizona* setting, does not offend the constitutional requirement that no

7

(1:06 CR 395)

person can be held to face a felony charge in federal court absent presentment and indictment by

a properly constituted grand jury.

Counsel for the defendant have mounted an attack on the provisions of 18 U.S.C. §

3593(c)  which provides:

> **(c) Proof of mitigating and aggravating factors.** –
> Notwithstanding rule 32 of the Federal Rules of Criminal
> Procedure, when a defendant is found guilty or pleads guilty to an
> offense under section 3591, no presentence report shall be
> prepared.  At the sentencing hearing, information may be presented
> as to any matter relevant to the sentence, including any mitigating
> or aggravating factor permitted or required to be considered under
> section 3592.  Information presented may include the trial
> transcript and exhibits if the hearing is held before a jury or judge
> not present during the trial, or at the trial judge's discretion.  The
> defendant may present any information relevant to a mitigating
> factor.  The government may present any information relevant to
> an aggravating factor for which notice has been provided under
> subsection (a).  *Information is admissible regardless of its
> admissibility under the rules governing admission of evidence at
> criminal trials except that information may be excluded if its
> probative value is outweighed by the danger of creating unfair
> prejudice, confusing the issues, or misleading the jury.*  (Emphasis
> added).  For the purposes of the preceding sentence, the fact that a
> victim, as defined in section 3510, attended or observed the trial
> shall not be construed to pose a danger of creating unfair prejudice,
> confusing the issues, or misleading the jury.  The government and
> the defendant shall be permitted to rebut any information received
> at the hearing, and shall be given fair opportunity to present
> argument as to the adequacy of the information to establish the
> existence of any aggravating or mitigating factor, and as to the
> appropriateness in the case of imposing a sentence of death.  The
> government shall open the argument.  The defendant shall be
> permitted to reply.  The government shall then be permitted to
> reply in rebuttal.  The burden of establishing the existence of any
> aggravating factor is on the government, and is not satisfied unless
> the existence of such a factor is established beyond a reasonable
> doubt.  The burden of establishing the existence of any mitigating
> factor is on the defendant, and is not satisfied unless the existence

8

(1:06 CR 395)

> of such a factor is established by a preponderance of the
> information.

Specifically, the defendant attacks that portion of Section 3593(c) which provides that during the sentencing phase, if such a sentencing phase is reached in this case, that *information is admissible regardless of the rules governing admission of evidence at criminal trials.*

Notwithstanding the italicized statement, the next statement is equally important as Section 3593(c) continues with an additional instruction which states: *except that information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues or misleading the jury.*

The challenged provisions of Section 3593(c) pre-date the pivotal decision in *Crawford v. Washington,* 541 U.S. 36 (2004) and the Court will be mindful of the potential restraints imposed by *Crawford.*  Moreover, as indicated by the government in its reply brief (Docket No. 74) and setting aside issues arising from the Confrontation Clause, the Supreme Court has ruled that due process principles bar the admission and consideration of sentencing information that is unreliable or unfairly prejudicial.  See, e.g. *Romano v. Oklahoma*, 512 U.S. 1, 12 (1994), *Gardner v. Florida,* 430 U.S. 349, 358 (1977) and *Simmons* .

As a consequence, the Court intends to monitor closely any testimony that is to be offered

(1:06 CR 395)

by the government during the sentencing phase, if such a phase becomes necessary.

The motion of the defendant to declare the FDPA unconstitutional and to strike the

"Special Findings" in the indictment is DENIED.


IT IS SO ORDERED.


  April 5, 2007_____                    __/s/ David D. Dowd, Jr._____
Date                                             David D. Dowd, Jr.
                                                 U.S. District Judge

10