DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| United States of America, | ) | |
|---|---|---|
| | ) | CASE NO. 1:06 CR 395 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| Donna J. Moonda, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On July 6, 2007, the jury returned guilty verdicts on all four counts of the indictment requiring a sentencing hearing which has been scheduled to begin on Monday, July 16, 2007.

In the interim, counsel for the government has filed two motions in limine designed to exclude expert testimony[1] concerning confinement conditions for persons sentenced to a life in prison without the possibility of release, and to exclude testimony from the defendant's family and friends expressing affection for the defendant and evidence of the impact that a death sentence would have on the defendant's family members. *See* Docket No. 268.

Counsel for the defendant has filed a memorandum in opposition to the government's two motions in limine. *See* Docket No. 271.

18 U.S.C. § 3592, which provides for the defendant's opportunity to present mitigating factors, includes a catchall phrase entitled "other factors". Specifically, see 18 U.S.C. § 3592(8) which states:

---

[1]The defendant is prepared to present the expert testimony of James E. Aiken who is prepared to testify as to the defendant's future confinement conditions in the Bureau of Prisons if she is sentenced to life in prison.

(1:06 CR 395)

      (8)     Other factors – other factors in the defendant's background, record, or character or any other circumstance of the offense that mitigate against the imposition of the death sentence.

The defendant argues under the broad definition of relevant mitigating evidence set forth in 18 U.S.C. § 3592 that she should be permitted to present information to the jury regarding future confinement conditions in the Bureau of Prisons if she is sentenced to life in prison. Counsel for the defendant argue that there is a "popular public perception" that federal prisons are like country clubs. Counsel for the defendant seek to present the testimony of Mr. Aiken to demonstrate that such a "popular public perception" is incorrect.

The Court notes that the government intends to present testimony regarding "victim impact evidence", and over the overruled objections of the defendant whose motion in limine was denied. *See* Docket No. 59.

Other courts have given a broad interpretation to the provisions of 18 U.S.C. § 3592. See *United States v. Davis*, 132 F.Supp. 2d. 455 (E.D. La., February 2, 2001), *United States v. Sampson*, 335 F.Supp. 2d. 166, 194 (D.Mass., August 26, 2004); *United States v. Bodkins*, 2005 U.S. Dist. LEXIS 8747 at *23-24 (W.D. Va., May 11, 2005).

The Court is of the view that the defendant has the better of the argument and DENIES

(1:06 CR 395)

the motion of the government to exclude the testimony of Mr. Aiken and the testimony of the

defendant's family and friends.


       IT IS SO ORDERED.


  July 13, 2007                                     */s/ David D. Dowd, Jr.*

Date                                              David D. Dowd, Jr.

                                                    U.S. District Judge